## J. V. Conn *v.* William Anderson, et al.

**Bankruptcy—Jurisdiction—Parties—Pleading.**
A creditor has the right to sue a debtor in the circuit court notwithstanding the pendency in bankruptcy against him, but it is the duty of the court to refuse to proceed to judgment until such proceeding shall terminate.

**Parties—Pleading.**
If the bankrupt court refuses the debtor a discharge, or if after his discharge he fails to plead it, the plaintiff in the circuit court may take personal judgment against such bankrupt.

**Jurisdiction.**
The circuit court has no jurisdiction over the trustee in bankruptcy; where the trustee does not choose to assert his right in the state court he may have the action dismissed as to him.

APPEAL FROM CARROLL CIRCUIT COURT.

November 13, 1874.

OPINION BY JUDGE LINDSAY:

Conn had the right to sue Anderson notwithstanding the pendency of the proceeding in bankruptcy. But as the petition suggests the existence of such proceedings, it is the duty of the court to refuse to proceed to judgment until they shall terminate. If the bankrupt court refused Anderson a discharge, or if, after obtaining a discharge, he shall fail to plead it, then the circuit court has the power to render a personal judgment against him. The circuit court also has the power to foreclose the mortgage. It is true, Conn may be enjoined from proceeding with his suit, by the bankrupt court, but even after that is done the jurisdiction of the state court remains. The bankrupt court may operate upon Conn, and compel him to suspend proceedings or to dismiss his suit, but it can not take away from the circuit court its jurisdiction in the premises.

The only party over whom the circuit court has no jurisdiction is Harrison, the assignee. If he does not choose to assert his rights in the state tribunal, he may have the action dismissed as to him. It was proper to make him a party, and thus give him an opportunity either to avail himself of the jurisdiction of the circuit court to obtain relief, or to apply to the bankrupt court, and compel Conn to come into that court and establish his debt, and enforce his mortgage.

The joint special demurrer as to the jurisdiction of the circuit court should have been overruled. The judgment dismissing appellant's petition is *reversed* and the cause remanded with instruction to overrule the said demurrer. If Harrison so desires, the court should dismiss the action as to him.

Further proceedings will be had conformable to this opinion.
*Craddock, Trabue, W. B. Winslow, for appellant.*